**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIO YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 16-cv-4647 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1]. For the reasons set forth below, the motion [1] is denied.

**I.  Background**

On September 15, 2015, this Court sentenced Petitioner Mario Young to a term of imprisonment of 96 months and a term of supervised release of 6 years for distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). See *United States v. Young*, Case No. 13-CR-647-1, Dkt. 53. Petitioner's advisory sentencing guidelines range was 188 to 235 months, based in large part on his designation as a career offender. One of Petitioner's prior convictions was for possession with intent to distribute heroin and possession of a firearm. See *United States v. Young*, Case No. 03-CR-326-1. In that case, Judge St. Eve sentenced Petitioner in 2004 to 24 months imprisonment and 6 years of supervised release. In April 2012, Petitioner pleaded guilty to violations of his supervised release, which extended his supervised release term by six months.

Petitioner was still on supervised release in connection with Case No. 03-CR-326-1 when he committed the heroin offense (13-CR-647-1) for which this Court sentenced him in 2015. Petitioner's indictment for a new drug offense also violated his supervised release conditions in

Case No. 03-CR-326-1, which prompted a supervised release revocation hearing before Judge St. Eve. That hearing was still pending at the time that this Court sentenced Petitioner.

To calculate Petitioner's sentencing guidelines range, Petitioner received three criminal history points for his conviction in Case No. 03-CR-326-1 (U.S.S.G. § 4A1.1(a)) and two additional points because he committed the instant offense while on supervised release (*id.* § 4A1.1(d)), which contributed to a total criminal history category score of 11 points or Category V. However, Petitioner qualified as a career offender since he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* § 4B1.1(a). Specifically, Petitioner had three prior qualifying felony convictions, one of which was Case No. 03-CR-326-1. Because of his career offender designation, Petitioner's criminal history category was increased to Category VI. *Id.* § 4B1.1(b). Nevertheless, the Court varied from the 188- to 235-month guidelines range, and imposed a 96-month term of imprisonment.

On October 30, 2015—six weeks after this Court sentenced Petitioner—Petitioner filed a sentencing memorandum with Judge St. Eve regarding the revocation of his supervised release. See *Young*, Case No. 03-CR-326-1, Dkt. 84. Petitioner's guidelines range for the violation of his conditions of supervised release was 33 to 41 months. Petitioner requested that Judge St. Eve "impose a below guideline sentence to be served concurrent with the 96-month sentence in 13 CR 647, without any further supervised release." *Id.* at 8. Judge St. Eve sentenced Petitioner to 24 months with no term of supervised release. However, Petitioner's term was to run consecutive with his 96-month sentence in Case No. 13-CR-647, not concurrently as requested.

On April 25, 2016, Petitioner filed his § 2255 motion in this Court, arguing that his Fifth and Eighth Amendment rights were violated when this Court used Case No. 03-CR-326-1 in calculating Petitioner's sentencing guidelines range and Judge St. Eve sentenced Petitioner for

2

violating his supervised release. Petitioner asks that this Court remedy this "double-counting" by deducting 24 months from his 96-month sentence in Case No. 13-CR-647-1, effectively achieving the same result as if Judge St. Eve had granted him a concurrent sentence.

## II. Analysis

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. See *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (stating that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal").

Petitioner's § 2255 motion is a non-starter. "In the context of guidelines sentencing, the term 'double counting' refers to using the same conduct more than once to increase a defendant's guidelines sentencing range." *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012). There are "two varieties" of double counting. *Id.* "First, conduct that forms the factual basis for an element of the offense might also support a guidelines enhancement or adjustment, meaning that the conduct is counted once as part of the base offense and a second time through the application of an enhancement or adjustment." *Id.* "Second, particular conduct might support the application of more than one enhancement or adjustment." *Id.* Here, the "double counting" that Petitioner alleges is not that this Court "counted" his 2003 conviction in Case No. 03-CR-326-1 multiple times when calculating his 188- to 235-month guidelines range for Case No. 13-

3

CR-647-1. Rather, Petitioner contends that he suffered multiple, non-overlapping consequences for committing a drug crime while on supervised release.

Petitioner is in some ways correct that he felt these consequences "doubly": he was convicted for a new drug crime and his supervised release was revoked. But his supervised release violation and his 2013 drug charge were distinct offenses with distinct elements. This Court sentenced Petitioner for violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). Judge St. Eve revoked Petitioner's term of supervised release pursuant to 18 U.S.C. § 3583(e)(3). The latter is a collateral effect of violating the former while on supervised release. *See United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) ("[T]he proper understanding of a revocation of supervised release is simply that by engaging in prohibited conduct (criminal or not) during the term of supervised release, a defendant triggers a condition that permits modification of the terms of his original sentence."). Although Petitioner's commission of drug felony may have triggered both consequences, it is not "double counting" in any meaningful legal sense.

Nor is it a constitutional problem. See *United States v. Hanahan*, 798 F.2d 187, 189–90 (7th Cir. 1986) ("The finding that the defendant no longer merits parole does not foreclose the criminal justice system from punishing the defendant for that conduct."); *Wyatt*, 102 F.3d at 244–45 ("Because revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence, and does not constitute punishment for the revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense."); see also *Vizcarra*, 668 F.3d at 519 ("Double counting raises no constitutional concerns."). Petitioner could be sentenced for each violation without being constitutionally obligated to receive concurrent sentences. See, *e.g.*, *United States v. Villasenor*, 256 F. App'x 842, 843–45 (7th Cir. 2007) (denying claim that "imposing a consecutive sentence" for an

4

underlying offense and supervised release revocation "violates [defendant's] right to be put in jeopardy only once for each offense").

In any event, a review of Petitioner's sentencing in Case No. 13-CR-647-1 shows that Case No. 03-CR-326-1 did not result in Petitioner receiving an increased sentence. Had the Court ignored Case No. 13-CR-647-1, Petitioner still would have been designated as a career offender because he had two other qualifying felony convictions. See *Young*, Case No. 13-CR-647-1, Dkt. 52. Career offenders are automatically assigned to criminal history Category VI. U.S.S.G. § 4B1.1(b). Absent the career offender designation, the criminal history points that Petitioner received for Case No. 03-CR-326-1 only placed him in Category V. In other words, any "counting" of Case No. 03-CR-326-1 was superseded by Petitioner's independently earned status as a career offender. And, of course, the Court imposed a sentence that was *half* the lower bound of the guidelines range.

Notably, Petitioner does not directly challenge the consecutive sentence imposed by Judge St. Eve. That is rightly so. "A sentencing court has discretion to make a sentence consecutive or concurrent." *United States v. Taylor*, 628 F.3d 420, 423 (7th Cir. 2010); see also 18 U.S.C. § 3584(a). "This includes situations where the sentence is imposed in connection with a revocation of supervised release." *Taylor*, 628 F.3d at 423. While not mandatory, the guidelines recommend a consecutive term of imprisonment after revocation of supervised release. See U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."); *Taylor*, 628 F.3d at 423–24.

5

Here, Judge St. Eve accepted Petitioner's request that he receive a below-guidelines sentence for his supervised release violation and imposed a sentence 9 months below the bottom end of the guidelines range. Judge St. Eve exercised her discretion, however, to impose this sentence consecutively. Petitioner did not appeal this sentence.[1] "It is well settled that, absent a fundamental miscarriage of justice, 'arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all.'" *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999) (citation omitted); accord *Scott v. United States*, 997 F.2d 340, 341–43 (7th Cir. 1993). Since Petitioner did not challenge Judge St. Eve's sentence or this Court's sentence on direct appeal, he cannot pursue a § 2255 claim that this Court erred in September by failing to reduce Petitioner's drug sentence proportionately and in advance of Judge St. Eve's November sentencing. See *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) ("Allegations that the district judge misapplied the sentencing guidelines are not reviewable under § 2255."). Nor can he claim that Judge St. Eve's subsequent sentencing retroactively rendered this Court's previously proper sentence constitutionally deficient. See *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998) (denying appeal premised on "subsequent amendment to the guidelines after [petitioner's] direct appeal" because "errors in the implementation of the Sentencing Guidelines are generally not cognizable in a collateral attack"); *Wyatt*, 102 F.3d at 244–45.

In short, Petitioner's § 2255 motion seeks another bite at the apple after he was unable to persuade Judge St. Eve to impose a concurrent sentence. That does not state a violation of the Fifth or Eighth Amendment or a cognizable claim under § 2255.

---

[1] Petitioner would have faced a steep climb had he attempted to appeal. See, *e.g.*, *United States v. Sumrall*, 617 F. App'x 586, 588–89 (7th Cir. 2015) (affirming as substantively reasonable the imposition of a consecutive sentence for revocation of supervised release); *United States v. Musgraves*, 593 F. App'x 573, 574 (7th Cir. 2015); *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

### III. Conclusion

For the foregoing reasons, Petitioner's § 2255 motion [1] is denied.

Dated: December 8, 2016

_____
Robert M. Dow, Jr.
United States District Judge